UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>  v.<br><br>Jam Productions, Ltd., Event Productions, Inc., Standing Room Only Inc., and Victoria Operating Company, LLC,<br><br>                Defendants. | Case No. 16-cv-8616<br>Magistrate Judge Cox |

**JOINT MOTION TO AUTHORIZE NOTICE AND FOR
FINAL APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE**

Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw ("Named Plaintiffs"), by their undersigned attorneys, and Defendants Jam Productions, Ltd., Event Productions, Inc., Standing Room Only Inc., and Victoria Operating Company, LLC ("Defendants"), by their undersigned attorneys, move this Court to authorize notice of a collective action and for final approval of their settlement agreement (attached as Exhibit 1), for approval of a Consent to Join Suit as a Party Plaintiff ("Consent") (attached as Exhibit 1-B), for approval of a mailing of a notice of settlement (attached as Exhibit 1-D), and for inclusion of their settlement agreement in a final judgment (attached as Exhibit 1-E). In support of this motion, the parties state:

1. On September 1, 2016, Named Plaintiffs filed a complaint in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 16-cv-8616 (the "Litigation"), alleging a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and class action under the Illinois Minimum Wage Law, 820

ILCS 105/1, *et seq*. ("IMWL") alleging that Defendants were a joint employer and that Defendants had failed to pay all overtime compensation due to stagehands whom they jointly employed.

2. Effective November 9, 2016, and as extended on February 14 and March 28, 2017, the statute of limitations was tolled by agreement of the parties until May 1, 2017.

3. The attorneys for Named Plaintiffs have had the opportunity to examine Defendants' records related to the payment of overtime during the period November 9, 2013, through November 9, 2016, and the parties have identified additional of Defendants' employees who have worked as stagehands who may have claims with respect to this Litigation ("Eligible Plaintiffs").

4. On or about May 19, 2017, the Named Plaintiffs and Defendants reached a settlement agreement. *See* Exhibit 1.

5. Parties to an FLSA lawsuit may settle disputed claims by means of a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). The parties propose that the settlement agreement be entered as part of a stipulated final judgment in this case.

6. Under the settlement agreement, Defendants agree to pay up to $24,400.00 in the aggregate as allocated in the Final Settlement Agreement and Release ("Agreement") individually to the Named Plaintiffs and to those Eligible Plaintiffs who submit a signed Consent in sufficient time to have Plaintiffs' counsel file it with the Federal Court no later than August 31, 2017. Under the settlement agreement, the Defendants also agree to pay the attorneys for Named Plaintiffs $12,000.00 in fees and costs. The Defendants also agree to bear

their own attorney fees and costs and shall not seek attorneys' fees or costs from any Plaintiff or attorneys for Named Plaintiffs.

7. The Agreement provides for Notice of Right to Join Lawsuit and Summary of Settlement Agreement by first-class mail, paid by Plaintiffs, to the last known addresses of the Eligible Plaintiffs. The parties stipulate and request that the Court authorize notice to Eligible Plaintiffs, pursuant to 29 U.S.C. § 216(b), so that they may have the opportunity to opt in to this collective action and agree to be bound by the terms of the Agreement.

8. Under the Agreement, Named Plaintiffs release the Defendants from all claims arising from any act, omission, or occurrence arising through the date the Agreement is signed on account of any loss or damages arising out of or relating to Defendants' alleged failure to pay overtime that have been or could have been raised by, or which arise from or relate to, the facts, transactions, or occurrences described in or encompassed by the Litigation.

9. Once any Eligible Plaintiff timely signs a Consent to Join Suit as a Party Plaintiff, that individual will be represented by Plaintiffs' attorneys and will be an opt-in Plaintiff who similarly releases the Defendants as referenced above in Paragraph 8.

10. The Court should approve the Agreement because it is fair, adequate, reasonable, and in the best interests of Plaintiffs. The amount of compensable time and the hourly rates for the compensable time at issue herein are disputed, as is Plaintiffs' claim for liquidated damages. The attorneys for Named Plaintiffs have had the opportunity to examine Defendants' payroll records. It is clear that any additional litigation of this suit would be protracted. There has been no collusion in reaching a settlement.

11. The parties request that the Agreement be entered as an order of the Court and that the terms of the Agreement be expressly incorporated into the Court's order granting final

approval of the Agreement. The parties further request that the Court dismiss the Litigation without prejudice effective August 31, 2017, with leave to reinstate until October 31, 2017, for purposes of enforcing the parties' Agreement. The parties further request that the dismissal become with prejudice if no party files a motion to reinstate the Litigation to enforce the Agreement on or before October 31, 2017.

WHEREFORE, pursuant to the terms of the Agreement, the parties jointly request that this Court:

    a.    Find that the settlement agreement attached hereto as Exhibit 1 is fair, adequate, reasonable, and in the best interests of Plaintiffs;

    b.    Approve the form of Consent attached hereto as Exhibit 1-B.

    c.    Approve the form of notice of settlement by first class mail attached hereto as Exhibit 1-D and direct that, within five business days after the date of the order approving the Agreement, Defendants shall provide attorneys for Named Plaintiffs with the last known addresses of the Eligible Plaintiffs and, within ten business days thereafter, attorneys for Named Plaintiffs shall mail or cause to be mailed, at their own expense, the aforesaid form of notice of settlement, with all blanks appropriately filled in and a prepaid return envelope enclosed, by first class mail, postage prepaid, to all Eligible Plaintiffs at their last known addresses on file with Defendants (or, if Named Plaintiffs have better or more current addresses for such Eligible Plaintiffs, at such addresses, as provided in the settlement agreement);

    d.    Find that the mailing of the form of notice attached hereto as Exhibit 1-D is valid, due, and sufficient notice to the Eligible Plaintiffs of these proceedings and of the Agreement and that such notice constitutes the best notice practicable under the circumstances and

complies fully with the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law; and

    e.    Enter an order in substantially the form of Exhibit 1-E and enter a final judgment in this case incorporating both the aforesaid order and the Agreement.

Dated: May 19, 2017

Respectfully submitted,

|   /s/ David Huffman-Gottschling |   /s/ Greg Shinall, with consent |
|---|---|
| One of Plaintiffs' attorneys | One of Defendants' attorneys |
| David Huffman-Gottschling<br>Jacobs, Burns, Orlove & Hernandez<br>150 N. Michigan Ave., Ste. 1000<br>Chicago, IL 60601<br>(312) 327-3443 | Greg Shinall<br>Trevor K. Scheetz<br>Sperling & Slater<br>55 W. Monroe St., Ste. 3200<br>Chicago, Illinois 60603<br>(312) 641-3200 |

## CERTIFICATE OF SERVICE

    I, David Huffman-Gottschling, an attorney, certify that I caused a copy of the foregoing document to be served electronically upon the following persons by filing it using the ECF system on May 19, 2017:

> Greg Shinall
> Trevor K. Scheetz
> Sperling & Slater
> 55 W. Monroe St., Ste. 3200
> Chicago, Illinois 60603

                                               /s/ David Huffman-Gottschling
                                                    David Huffman-Gottschling