**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Jam Productions, Ltd., Event Productions, Inc., Standing Room Only Inc., and Victoria Operating Company, LLC,<br><br>Defendants. | Case No. 16-cv-8616<br>Magistrate Judge Cox |

**FINAL SETTLEMENT AGREEMENT AND RELEASE**

**RECITALS**

WHEREAS, on September 1, 2016, Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw ("Named Plaintiffs") filed a Complaint in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 16-cv-8616 (the "Litigation"), alleging a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and a class action under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") alleging that Jam Productions, Ltd., Event Productions, Inc., Standing Room Only Inc., and Victoria Operating Company, LLC (collectively, "Defendants") constituted a joint employer and were jointly and severally liable for their alleged failure to pay all overtime due to Named Plaintiffs and others similarly situated whom Defendants employed as stagehands; and

WHEREAS, effective November 9, 2016, and as extended on February 14 and March 28, 2017, the statute of limitations was tolled by agreement of the parties until May 1, 2017; and

Huffman, *et al.* v. Jam Productions, Ltd., *et al.*
Case No. 16-cv-8616
Final Settlement Agreement and Release

WHEREAS, the attorneys for Named Plaintiffs have had the opportunity to examine Defendants' records related to the payment of overtime during the period November 9, 2013, through November 9, 2016, and the parties have identified additional of Defendants' employees who have worked as stagehands who may have claims with respect to this Litigation ("Eligible Plaintiffs"); and

WHEREAS, Defendants dispute the existence of a joint employer relationship, the amount of compensable time at issue in the Litigation, and other relevant matters including but not limited to the entitlement of Named Plaintiffs and Eligible Plaintiffs (collectively, "Plaintiffs") for additional overtime compensation; and

WHEREAS, Defendants deny any liability to Plaintiffs in the Litigation but have concluded that it is desirable to settle the Litigation to avoid potential additional inconvenience, delay, and expense and to dispose of potentially burdensome and protracted litigation; and

WHEREAS, the attorneys for Named Plaintiffs believe that the Litigation is meritorious but, recognizing that the Litigation would be protracted and would have an uncertain outcome, have concluded that it is desirable to settle the Litigation and that this settlement agreement ("Agreement") is fair, adequate, reasonable, and in the best interests of Plaintiffs;

IT IS THEREFORE AGREED:

### TERMS AND CONDITIONS OF AGREEMENT

1. *Recitals.* The recitals above are incorporated in and made a part of this Agreement.

2. *Part of Judgment.* This Agreement shall be entered as part of a stipulated final judgment in the Litigation.

Huffman, *et al.* v. Jam Productions, Ltd., *et al.*
Case No. 16-cv-8616
Final Settlement Agreement and Release

3.    *Amount of Settlement*. Defendants agree, jointly and severally, to pay Plaintiffs not more than $14,006.47 in the aggregate for unpaid wages, allocated individually in accordance with the table attached as Exhibit A and incorporated by reference, plus not more than $10,393.53 in the aggregate for liquidated damages, allocated individually at 74.20520659% of the unpaid wage amounts as set forth in Exhibit A, subject to the following conditions:

(a)   The Named Plaintiffs shall receive two checks, one for unpaid wages, subject to the usual and customary payroll withholding and deductions, and one for liquidated damages, not subject to the usual and customary withholding and deductions.

(b)   Each of the Eligible Plaintiffs shall receive two checks, one for unpaid wages, subject to the usual and customary payroll withholding and deductions, and one for liquidated damages, not subject to the usual and customary withholding and deductions, provided that each such Eligible Plaintiff submits a signed Consent to Join Suit as a Party Plaintiff ("Consent"), which is attached as Exhibit B and incorporated by reference, in sufficient time to have Plaintiffs' counsel file it with the Federal Court no later than August 31, 2017. Defendants shall have no liability under this Agreement to any Eligible Plaintiff who does not timely submit the required Consent to Plaintiffs' Counsel. The aggregate amount of the payments described in the first sentence of Paragraph 3 will be correspondingly reduced by the total amount allocated in Exhibit A for each Eligible Plaintiff who does not timely submit the required Consent.

(c)   Defendants have made a good faith effort to identify all stagehand employees who may have claims with respect to the subject matter of the Litigation. In the event that additional stagehand employees contact Defendants or the attorneys for Named Plaintiffs and indicate that they believe they have a claim with respect to the subject

3

Huffman, *et al.* v. Jam Productions, Ltd., *et al.*
Case No. 16-cv-8616
Final Settlement Agreement and Release

matter of the Litigation, the attorneys for Defendants and the attorneys for Named Plaintiffs shall make reasonable, good faith efforts to determine whether such individuals are entitled to payment on such asserted claims. Provided, however, that Defendants shall have no liability under this Agreement to any such individuals who do not make their asserted claims known to either Defendants or the attorneys for Named Plaintiffs within ninety days after the mailing of the notice of right to join lawsuit and settlement referred to in Paragraph 5 below. Provided further that no additional payments shall be made by Defendants unless Defendants determine that such individuals are eligible for payments and such individuals submit a signed waiver and release.

4.    *Release*. Each Named Plaintiff, and each Eligible Plaintiff who timely submits a signed Consent in accordance with Paragraph 3(b) above, fully, finally, and forever releases, relinquishes, discharges, and waives any and all claims he or she has or might have against Defendants, their officers, directors, employees, attorneys, and agents arising from any act, omission, or occurrence arising through the date this Agreement is signed on account of any loss or damages, known or unknown, arising out of or relating to Defendants' alleged failure to pay wages or overtime that have been raised or could have been raised by, or which arise from or relate to the facts, transactions, or occurrences described in or encompassed by the Litigation, including but not limited to all claims under the Fair Labor Standards Act, 29 U.S.C. Sec. 201 *et seq.*, the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.*, or any other federal or state law, local ordinance, or regulation governing wages, hours, or overtime compensation.

Huffman, *et al.* v. Jam Productions, Ltd., *et al.*
Case No. 16-cv-8616
Final Settlement Agreement and Release

5.   *Court Approval.*

(a)   Within five business days of execution of this agreement, the parties shall jointly move the Court for approval of this Agreement (in substantially the same form as Exhibit C, which is attached and incorporated herein by reference), including a request that the Court authorize notice and approve the mailing of a notice of right to join lawsuit and Agreement (in substantially the same form as Exhibit D, which is attached and incorporated by reference) and enter an order authorizing notice and granting approval of this Agreement (in substantially the same form as Exhibit E, which is attached and incorporated by reference).

(b)   The parties shall jointly request that this Agreement be entered as an order of the Court and that the terms of this Agreement be expressly incorporated into the Court's order granting final approval of the Agreement. The parties shall further request that the Court dismiss the Litigation without prejudice effective August 31, 2017, with leave to reinstate until October 31, 2017, for purposes of enforcing the parties' Agreement. If no party seeks leave to reinstate to enforce the Agreement on or before October 31, 2017, the dismissal shall be with prejudice.

(c)   Within five business days after the date of the order approving the Agreement, Defendants shall provide attorneys for Named Plaintiffs with the last known addresses of the Eligible Plaintiffs and, within ten business days thereafter, attorneys for Named Plaintiffs shall mail or cause to be mailed at Plaintiffs' expense the aforesaid form of notice of settlement, with all blanks appropriately filled in and a prepaid return envelope enclosed, by first-class mail, postage prepaid, to all Eligible Plaintiffs at their last known addresses on file with Defendants. If Named Plaintiffs believe they have more recent

Huffman, *et al.* v. Jam Productions, Ltd., *et al.*
Case No. 16-cv-8616
Final Settlement Agreement and Release

information as to the mailing address of any Eligible Plaintiff, they shall disclose that information to Defendants and, with Defendants' consent, may send notice of settlement to each such Eligible Plaintiff at that address instead of the address supplied by Defendants.

6. *Payments to Plaintiffs.* Defendants shall mail the Named Plaintiffs payment in the amounts allocated to them under Paragraph 3(a) within thirty days after the entry of the final judgment incorporating this settlement. Defendants shall mail the Eligible Plaintiffs who timely submit the Consent required by Paragraph 3(b) within forty-five days after all the consents are simultaneously filed with the Federal Court by the attorneys for Named Plaintiffs, assuming that Plaintiffs' attorneys provide a copy of all of the timely executed consents to Defendants' attorneys on the day they are filed with the Court. Defendants shall make these payments by checks sent by first-class mail, postage prepaid, to the address supplied by Plaintiffs on their Consent forms or, if none is supplied, to their last known address. Said checks shall be valid for not less than 120 days from their issuance. Defendants shall provide attorneys for Named Plaintiffs with a report indicating the Plaintiffs' names, addresses, payment amounts, check numbers, and the dates such checks were issued and mailed, within seven days of the date the checks are mailed, and shall notify attorneys for Named Plaintiffs of any checks that are returned as undeliverable within seven days of their known receipt of any such returned checks. Defendants shall bear all costs of mailing all checks to Plaintiffs.

7. *Attorneys' Fees and Costs.*

(a) As part of this Agreement, Defendants agrees to pay Jacobs, Burns, Orlove & Hernandez the sum of $12,000.00 in attorneys' fees and costs within thirty days after the

6

Huffman, *et al.* v. Jam Productions, Ltd., *et al.*
Case No. 16-cv-8616
Final Settlement Agreement and Release

entry of the final judgment incorporating this Agreement. It is further understood that this sum of $12,000.00 constitutes full and complete payment to Jacobs, Burns, Orlove & Hernandez for all past and future legal services rendered with respect to the Litigation on behalf of the Plaintiffs, other than any legal services necessary to enforce this Agreement.

(b)   Defendants agrees to bear their own attorney fees and costs and shall not seek attorney fees and costs from any Plaintiff or attorneys for Named Plaintiffs.

8.   *Entire Agreement*. This Agreement, including the recitals herein, constitutes the entire agreement between the parties hereto and supersedes any prior agreements or understandings between the parties with respect to the settlement. This Agreement may be modified only by written agreement signed by all parties or their representatives.

9.   *Counterparts*. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Photocopies, scanned copies, or facsimile copies of such signed counterparts may be used in lieu of the originals.

10.   *Miscellaneous Provisions*. The parties hereto agree to the following provisions:

(a)   All of the exhibits attached hereto are incorporated by reference as though fully set forth herein.

(b)   The parties hereto have participated in the drafting of this Agreement and, accordingly, any claimed ambiguity should not be presumptively construed for or against any of the parties hereto.

(c)   This Agreement shall be interpreted and applied in accordance with federal law, where applicable, and, if federal law is not applicable, in accordance with Illinois law.

7

Huffman, *et al.* v. Jam Productions, Ltd., *et al.*
Case No. 16-cv-8616
Final Settlement Agreement and Release

(d)   The parties hereto waive any right to appeal or collaterally attack the final judgment approving and incorporating this Agreement.

(e)   The attorneys for Named Plaintiffs shall use their best reasonable efforts to ensure that each Eligible Plaintiff receives and understands the notice and Consent.

(f)   Neither Named Plaintiffs nor their attorneys shall solicit or encourage any Eligible Plaintiff to refrain from opting into this settlement.

ACCEPTED AND AGREED:

Justin Huffman

Date: 05-19-2017

Gregor Kramer

Date: May 19. 2017

Archie Yumping

Date: May 19, 2017

Christopher Shaw

Date: 05-19-17

ACCEPTED AND AGREED:

JAM PRODUCTIONS, LTD.

By: _____caryn Busse_____  Date: _____05/11/17_____
Name CARYN BUSSE

EVENT PRODUCTIONS, INC.

By: _____  Date: _____5/11/17_____
Name EGIDE RUMBOS

STANDING ROOM ONLY, INC.

By: _____  Date: _____5·11·2017_____
Name MARY BETH KYLE

VICTORIA OPERATING COMPANY, LLC

By: _____  Date: _____5·11·2017_____
Name MARY BETH KYLE