UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>Jam Productions, Ltd., Event Productions, Inc., Standing Room Only Inc., and Victoria Operating Company, LLC,<br><br>     Defendants. | Case No. 16-cv-8616<br>Magistrate Judge Cox |

**NOTICE OF RIGHT TO JOIN LAWSUIT
AND SUMMARY OF SETTLEMENT AGREEMENT**

INTRODUCTION

The purpose of this Notice is to inform you of a collective action lawsuit and settlement in which you are potentially "similarly situated" to Named Plaintiffs Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher "Jolly Roger" Shaw ("Plaintiffs"), to advise you of how your rights may be affected by this lawsuit and settlement, and to instruct you on the procedure for participating in this lawsuit and settlement if you decide to do so.

DESCRIPTION OF THIS CASE

On September 1, 2016, Plaintiffs filed this collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and class action under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL").

Plaintiffs alleged that Jam Productions, Inc., Event Productions, Inc., Standing Room Only Inc., and Victoria Operating Company, LLC (collectively, the "Defendants") violated the FLSA and IMWL by not paying their stagehand employees all of the overtime wages they were owed. Specifically, Plaintiffs alleged that they and other stagehand employees were not paid overtime wages for all hours over forty that they worked in a week when (a) they worked for more than one of the Defendants in a week, and their total hours for all of the Defendants

that they worked for during that week were more than forty; and/or (b) they worked for Event Productions under both the special events division and the concert division in the same week, and their total hours for both divisions for that week were more than forty.

**You have been identified as an employee of one or more Defendants who, during the period November 9, 2013, through November 9, 2016, worked more than forty hours in one or more weeks in the circumstances described in the paragraph above, but may not have been paid overtime for all of those hours over forty.**

NOTICE OF YOUR RIGHT TO JOIN LAWSUIT AND SETTLEMENT AGREEMENT

You have a right to participate in this lawsuit and settlement. It is entirely your decision whether or not to join this lawsuit and settlement, and your participation is completely voluntary. You are not required to join this lawsuit or settlement or take any action unless you want to. If you want to join this lawsuit and settlement you may join (or "opt in" to) the lawsuit by mailing or delivering the enclosed yellow Consent to Become a Party Plaintiff form (the "Consent") to Plaintiffs' Counsel at the address listed below. **You must fully complete the yellow Consent and make certain that Plaintiffs' counsel has received it by 5:00 p.m. on Tuesday, August 29, 2017, so that Plaintiffs' attorneys can file it with the federal court no later than August 31, 2017. Otherwise, you will not be able to participate in this lawsuit and settlement.**

If you choose not to join this lawsuit and settlement, you will not be affected by any judgment or settlement rendered in this case. If you choose not to join the lawsuit and settlement, you are free to file your own lawsuit, either on your own behalf of through an attorney of your own choice.

If you choose to join this lawsuit and settlement, your interests will be represented by Plaintiffs through their attorneys as counsel for the class. Counsel for the class are:

David Huffman-Gottschling
William W. Leathem
Charles P. Burns
JACOBS, BURNS, ORLOVE & HERNANDEZ
150 N. Michigan Ave, Suite 1000
Chicago, IL 60601
312-372-1646
davidhg@jbosh.com

TERMS OF THE SETTLEMENT

A. <u>Notice of Settlement</u>. NOTICE IS HEREBY GIVEN, pursuant to an Order of the United States District Court for the Northern District of Illinois, dated May __, 2017, that a settlement agreement has been reached in the above-captioned case. The full terms of the settlement are set forth in a Final Settlement Agreement and Release dated May 19, 2017 ("settlement agreement"). The settlement agreement and the complaint and other pleadings filed in the case are on file with the Clerk of the Court. If you want to obtain a copy of the settlement agreement or any other document related to this case, see the section of this Notice titled "Inspection of Documents and Responses to Your Questions," below. This Notice generally describes the terms of the settlement agreement, but the settlement agreement itself is the controlling document and will govern in the case of any conflict with the provisions of this Notice.

B. <u>Unpaid Wages and Liquidated Damages</u>. Defendants have agreed to pay Plaintiffs up to $24,400 in the aggregate, allocated individually in the settlement agreement. THE SETTLEMENT AGREEMENT ALLOCATES $_____ TO YOU FOR UNPAID WAGES, WHICH IS SUBJECT TO THE USUAL AND CUSTOMARY WITHHOLDINGS AND DEDUCTIONS BY THE DEFENDANTS. THE SETTLEMENT AGREEMENT ALSO ALLOCATES AN ADDITIONAL $_____ TO YOU FOR LIQUIDATED DAMAGES, WHICH IS NOT SUBJECT TO THE USUAL AND CUSTOMARY WITHHOLDINGS AND DEDUCTIONS BY DEFENDANTS. The Defendants will issue an IRS Form 1099 for the liquidated damages amount.

**TO RECEIVE YOUR PAYMENT YOU MUST SIGN, DATE, AND COMPLETE THE ENCLOSED CONSENT AND RETURN IT EITHER BY MAILING IT IN THE PROVIDED ENVELOPE OR BY SCANNING AND EMAILING IT TO PLAINTIFFS' ATTORNEY (David Huffman-Gottschling at Jacobs, Burns, Orlove & Hernandez, 150 N. Michigan Ave, Suite 1000, Chicago, IL 60601, davidhg@jbosh.com) NO LATER THAN 5:00 P.M. ON TUESDAY, AUGUST 29, 2017, SO THAT PLAINTIFFS' ATTORNEY CAN FILE IT WITH THE FEDERAL COURT NO LATER THAN AUGUST 31, 2017.**

If you <u>timely return</u> the completed Consent, the settlement agreement <u>will be binding</u> on you and you <u>will waive</u> any and all claims you may have against Defendants related to unpaid overtime wages during the period of time November 9, 2013, through May 19, 2017. If you <u>do not timely return</u> the completed Consent, the settlement agreement is <u>not binding</u> on you, you <u>will not receive</u> a payment under the settlement agreement, and you <u>will not waive</u> any claims.

IMPORTANT NOTE: No later than forty-five days after Plaintiffs' attorneys provide Defendants with a copy of all of the aggregated consents, Defendants will mail the sums allocated to the settlement, provided that you have returned your fully completed Consent no later than 5:00 p.m. on Tuesday, August 29, 2017, so that Plaintiffs' attorneys can file it with the Federal Court no later than August 31, 2017. Defendants will make payments by checks sent by first class mail, postage prepaid, and such checks shall be valid for not less than 120 days from their issuance.

C. <u>Attorneys' Fees and Costs</u>. Defendants have agreed in the settlement agreement to pay Plaintiffs' attorneys $12,000.00 in fees and costs for this case. Defendants have agreed to bear their own attorneys' fees and costs.

WHY THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE

The settlement agreement was negotiated by Plaintiffs, their attorneys, Defendants, and their attorneys. The unpaid wages amount represents the hours of work over forty in a week that were paid at straight time rather than overtime, multiplied by the overtime rate of pay, plus 74.20520659% of such unpaid wages in liquidated damages. There was no collusion between the parties in reaching the settlement agreement. Plaintiffs' attorneys are of the opinion that the settlement agreement is fair, adequate, reasonable, and in the best interest of the affected employees.

INSPECTION OF DOCUMENTS
AND RESPONSES TO YOUR QUESTIONS

Should you wish to examine copies of any documents, including the settlement agreement, filed with this Court in this case, you may visit or contact the Office of the Clerk for that purpose, United States District Court for the Northern District of Illinois, during business hours, 9:00 a.m. – 4:30 p.m., 219 S. Dearborn Street, 20th Floor, Chicago, Illinois.

A full copy of the settlement agreement may be obtained from Plaintiffs' counsel at the pre-paid cost of $25.00 to cover copying costs, mailing costs, and administrative costs.

Should you have any questions, you may write or email Plaintiffs' counsel at:

David Huffman-Gottschling
Jacobs, Burns, Orlove & Hernandez
150 N. Michigan Ave, Suite 1000
Chicago, IL 60601
davidhg@jbosh.com

or you may telephone David Huffman-Gottschling at (312) 327-3443 during normal business hours between 9:00 a.m. and 5:00 p.m., Monday through Friday.

CHANGE OF ADDRESS

If your address has changed recently, or if this Notice was not sent to your current address, please indicate your current address on the Consent.

OTHER THAN TO OBTAIN INFORMATION ABOUT INSPECTING THE COURT FILES IN THIS CASE, PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION ABOUT THE SETTLEMENT AGREEMENT.

By Order of the Court
United States District Court
Northern District of Illinois