UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>  v.<br><br>Jam Productions, Ltd., Event Productions, Inc., Standing Room Only Inc., and Victoria Operating Company, LLC,<br><br>                Defendants. | Case No. 16-cv-8616<br>Magistrate Judge Cox |

ORDER AUTHORIZING NOTICE OF RIGHT
TO JOIN LAWSUIT AND GRANTING FINAL APPROVAL OF
SETTLEMENT AGREEMENT AND RELEASE

THIS MATTER COMING BEFORE THE COURT on the parties' joint motion for final approval of settlement agreement and the Court being fully advised in the premises,

THE COURT HEREBY FINDS AND ORDERS:

1. On September 1, 2016, Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw ("Named Plaintiffs") filed a complaint in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 16-cv-8616 (the "Litigation"), alleging a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and class action under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") alleging that Defendants were a joint employer and that Defendants had failed to pay all overtime due to stagehands whom they jointly employed.

2. Effective November 9, 2016, and as extended on February 14 and March 28, 2017, the statute of limitations was tolled by agreement of the parties until May 1, 2017.

3. The attorneys for Named Plaintiffs have had the have had the opportunity to examine Defendants' records related to the payment of overtime during the period November 9, 2013, through November 9, 2016, and the parties have identified additional of Defendants' employees who have worked as stagehands who may have claims with respect to this Litigation ("Eligible Plaintiffs").

4. On or about May 19, 2017, the Named Plaintiffs reached a settlement agreement with Defendants. *See* Exhibit 1.

5. Parties to an FLSA lawsuit may settle disputed claims by means of a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

6. Under the Final Settlement Agreement and Release ("settlement agreement"), the Defendants agree to pay up to $24,400.00 in the aggregate as allocated in the settlement agreement to the Named Plaintiffs and to those Eligible Plaintiffs who timely submit an executed Consent to Join Suit as a Party Plaintiff (together, "Plaintiffs"). Under the settlement agreement, the Defendants also agree to pay the attorneys for Named Plaintiffs $12,000.00 in fees and costs. The Defendants also agree to bear their own attorneys' fees and costs and shall not seek attorneys' fees and costs from any Plaintiff or from attorneys for Named Plaintiffs.

7. Under the settlement agreement, Plaintiffs release the Defendants from all claims arising from any act, omission, or occurrence arising through the date the settlement agreement is signed on account of any loss or damages arising out of or relating to Defendants' alleged failure to pay wages or overtime that have been raised or which could have been raised by, or which arise from or relate to the facts, transactions, or occurrences described in or encompassed by the Litigation.

8. Pursuant to the parties' stipulation, the Court authorizes notice to Eligible Plaintiffs, pursuant to 29 U.S.C. § 216(b), so that they may have the opportunity to opt in to this collective action and agree to be bound by the terms of the settlement agreement. The Court finds that the distribution of the Notice of Right to Join Lawsuit and Summary of Settlement Agreement and Release by first-class mail will fully and accurately inform all Plaintiffs of all material elements of the settlement agreement, constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice, complying with the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and other applicable laws.

9. The Court finds that: the settlement agreement is fair, adequate, reasonable, and in the best interests of all Plaintiffs; the settlement agreement offers to Plaintiffs a reasonable amount of overtime compensation and an additional reasonable amount of liquidated damages; the amount of compensable time and Plaintiffs' entitlement to liquidated damages are disputed; the attorneys for Named Plaintiffs have had the opportunity to examine Defendants' payroll records; any additional litigation of this suit would be protracted; and there has been no collusion in reaching a settlement. The Court therefore grants the joint motion for final approval of settlement agreement.

10. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and orders the entry of a final judgment in this case which shall incorporate the settlement agreement.

11. The attached settlement agreement is entered as an order of the Court and the parties are ordered to comply with, and to make performance as required under, the terms of the settlement agreement. This case is dismissed without prejudice effective August 31, 2017, with

4

leave to reinstate on or before October 31, 2017, for purposes of enforcing the parties' settlement agreement. The dismissal shall convert to dismissal with prejudice without further order of the Court if no party files a motion to reinstate the case on or before October 31, 2017.

ENTERED: _____     _____
                                      UNITED STATES MAGISTRATE JUDGE