## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw, individually and on behalf of all others similarly situated,<br><br>                   Plaintiffs,<br><br>    v.<br><br>Jam Productions, Ltd., Event Productions, Inc., Standing Room Only Inc., and Victoria Operating Company, LLC,<br><br>                   Defendants. | Case No. 16-cv-8616<br>Magistrate Judge Cox |

## JOINT MOTION TO AUTHORIZE NOTICE AND FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE

Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw ("Named Plaintiffs"), by their undersigned attorneys, and Defendants Jam Productions, Ltd., Event Productions, Inc., Standing Room Only Inc., and Victoria Operating Company, LLC ("Defendants"), by their undersigned attorneys, move this Court to authorize notice of a collective action and for preliminary approval of their settlement agreement (attached as Exhibit 1), for approval of a Consent to Join Suit as a Party Plaintiff ("Consent") (attached as Exhibit 1-B), for approval of a Consent to Joint Suit as a Party Plaintiff and Objection to Settlement Agreement form (attached as Exhibit 1-F), for approval of a mailing of a notice of settlement (attached as Exhibit 1-D). In support of this motion, the parties state as follows:

1.    On September 1, 2016, Named Plaintiffs filed a complaint in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 16-cv-8616 (the "Litigation"), alleging a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and class action under the Illinois Minimum Wage Law, 820

ILCS 105/1, *et seq.* ("IMWL") alleging that Defendants were a joint employer and that Defendants had failed to pay all overtime compensation due to stagehands whom they jointly employed.

2.  Effective November 9, 2016, and as extended on February 14 and March 28, 2017, the statute of limitations was tolled by agreement of the parties until May 1, 2017.

3.  The attorneys for Named Plaintiffs have had the opportunity to examine Defendants' records related to the payment of overtime during the period November 9, 2013, through November 9, 2016, and the parties have identified additional of Defendants' employees who have worked as stagehands who may have claims with respect to this Litigation ("Eligible Plaintiffs").

4.  On or about May 19, 2017, the Named Plaintiffs and Defendants reached a settlement agreement. After submitting that agreement to this Court for approval, and pursuant to the Court's order dated May 31, 2017, the parties have entered into a new settlement agreement, dated June 12, 2017, modifying certain terms of their original agreement. *See* Exhibit 1.

5.  Parties to an FLSA lawsuit may settle disputed claims by means of a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). The parties propose that the settlement agreement be entered as part of a stipulated final judgment in this case.

6.  Under the settlement agreement, Defendants agree to pay up to $24,400.00 in the aggregate as allocated in the Final Settlement Agreement and Release ("Agreement") individually to the Named Plaintiffs and to those Eligible Plaintiffs who submit a signed Consent in sufficient time to have Plaintiffs' counsel file it with the Federal Court no later

than August 31, 2017. Under the settlement agreement, the Defendants also agree to pay the attorneys for Named Plaintiffs $12,000.00 in fees and costs. The Defendants also agree to bear their own attorney fees and costs and shall not seek attorneys' fees or costs from any Plaintiff or attorneys for Named Plaintiffs.

7.     Under the Agreement, Named Plaintiffs release the Defendants from all claims arising from any act, omission, or occurrence arising through the date the Agreement is signed on account of any loss or damages arising out of or relating to Defendants' alleged failure to pay overtime that have been or could have been raised by, or which arise from or relate to, the facts, transactions, or occurrences described in or encompassed by the Litigation.

8.     The settlement agreement provides a method by which Plaintiffs can object to judicial approval of the settlement agreement. Plaintiffs may object to judicial approval of the settlement agreement in writing, filed with the Court and mailed to the attorneys for Plaintiffs. Plaintiffs who do not timely object to judicial approval of the settlement agreement in this manner shall be deemed to have waived their objections. To avoid a conflict of interest, Plaintiffs' attorneys request that the Court, as part of the order preliminarily approving the settlement agreement, order that any Plaintiff who objects to the settlement agreement will not be represented by Plaintiffs' attorneys with respect to any such obligation.

9.     The Agreement provides for Notice of Right to Join Lawsuit and Summary of Settlement Agreement by first-class mail, paid by Plaintiffs, to the last known addresses of the Eligible Plaintiffs. The parties stipulate and request that the Court authorize notice to Eligible Plaintiffs, pursuant to 29 U.S.C. § 216(b), so that they may have the opportunity to opt in to this collective action and agree to be bound by the terms of the Agreement.

10. Once any Eligible Plaintiff timely signs a Consent to Join Suit as a Party Plaintiff, that individual will be represented by Plaintiffs' attorneys and will be an opt-in Plaintiff who similarly releases the Defendants as referenced above in Paragraph 8.

11. The Court should approve the Agreement because it is fair, adequate, reasonable, and in the best interests of Plaintiffs. The amount of compensable time and the hourly rates for the compensable time at issue herein are disputed, as is Plaintiffs' claim for liquidated damages. The attorneys for Named Plaintiffs have had the opportunity to examine Defendants' payroll records. It is clear that any additional litigation of this suit would be protracted. There has been no collusion in reaching a settlement.

WHEREFORE, pursuant to the terms of the Agreement, the parties jointly request that this Court:

a. Find, subject to any objections and further consideration at a hearing on final approval, that the settlement agreement attached hereto as Exhibit 1-A is fair, adequate, reasonable, and in the best interest of Plaintiffs;

b. Approve the form of Consent attached hereto as Exhibit 1-B and the form of Consent and Objection attached hereto as Exhibit 1-E;

c. Approve the form of Notice of Right to Join Lawsuit, Summary of Settlement, and Notice of Hearing by first class mail attached hereto as Exhibit 1-D and direct that, within five business days after the date of the order preliminarily approving the Agreement, Defendants shall provide attorneys for Named Plaintiffs with the last known addresses of the Eligible Plaintiffs and, within ten business days thereafter, attorneys for Named Plaintiffs shall mail or cause to be mailed, at their own expense, the aforesaid form of notice of settlement, with all blanks appropriately filled in and a prepaid return envelope enclosed, together with a

blank Consent form (Ex. 1-B) and Consent and Objection form (Ex. 1-F) by first class mail, postage prepaid, to all Eligible Plaintiffs at their last known addresses on file with Defendants (or, if Named Plaintiffs have better or more current addresses for such Eligible Plaintiffs, at such addresses, as provided in the settlement agreement);

d. Find that the mailing of the form of notice attached hereto as Exhibit 1-D is valid, due, and sufficient notice to the Eligible Plaintiffs of these proceedings and of the Agreement and that such notice constitutes the best notice practicable under the circumstances and complies fully with the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law;

e. Order that Plaintiffs may object to judicial approval of the Agreement in the following manner and subject to the following conditions: in order to object to judicial approval of the settlement agreement, a Plaintiff shall file his or her objection in writing with the Court. Such written objection shall be submitted on the Consent and Objection form (Ex. 1-E) on or before August 31, 2017. A copy of the written objection must be mailed to David Huffman-Gottschling, postage prepaid and postmarked by August 31, 2017. Plaintiffs who do not timely object to judicial approval of the settlement agreement in this manner shall be deemed to have waived their objections;

f. Order that, to avoid any conflict of interest, Plaintiffs' attorneys will not be required to represent any Plaintiff who objects to judicial approval of the settlement agreement with respect to any such Plaintiff's objection;

g. Order that Plaintiffs and any other persons with standing who wish to make their objections orally may do so at the time and place set forth below for hearing on final approval of the settlement agreement, provided that the Plaintiff or other person has timely filed a

written objection in conformity with the requirements set out in the preceding subparagraph (e); in the event that an objector wishes to be heard orally at the hearing on the motion for final approval of the settlement agreement, the objector must so indicate by checking the appropriate box on his or her written objection;

h.    Order that only Plaintiffs who timely object to judicial approval of the settlement agreement in the manner required herein shall have any right to appeal any subsequent final approval of the settlement agreement; and

i.    Order that this matter is set for Wednesday, September 20, 2017, at a time to be determined, before this Court in Room 1025 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois, for a hearing to (1) consider any timely filed objections to judicial approval of the settlement agreement, (2) determine whether the settlement agreement shall be approved finally as fair, adequate, reasonable, and in the best interest of Plaintiffs, and (3) determine whether a final judgment incorporating the settlement agreement should be entered.


Respectfully submitted,

| /s/ David Huffman-Gottschling | /s/ Greg Shinall, with consent |
|---|---|
| One of Plaintiffs' attorneys | One of Defendants' attorneys |

David Huffman-Gottschling    Greg Shinall
Jacobs, Burns, Orlove & Hernandez  Trevor K. Scheetz
150 N. Michigan Ave., Ste. 1000   Sperling & Slater
Chicago, IL 60601       55 W. Monroe St., Ste. 3200
(312) 327-3443        Chicago, Illinois 60603
             (312) 641-3200

## CERTIFICATE OF SERVICE

I, David Huffman-Gottschling, an attorney, certify that I caused a copy of the foregoing document to be served electronically upon the following persons by filing it using the ECF system on June 12, 2017:

> Greg Shinall
> Trevor K. Scheetz
> Sperling & Slater
> 55 W. Monroe St., Ste. 3200
> Chicago, Illinois 60603

                                    /s/ David Huffman-Gottschling
                                    David Huffman-Gottschling

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | Case No. 16-cv-8616 |
| | Magistrate Judge Cox |
| Jam Productions, Ltd., Event Productions, Inc., Standing Room Only Inc., and Victoria Operating Company, LLC, | |
| Defendants. | |

**FINAL SETTLEMENT AGREEMENT AND RELEASE**

**RECITALS**

WHEREAS, on September 1, 2016, Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw ("Named Plaintiffs") filed a Complaint in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 16-cv-8616 (the "Litigation"), alleging a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and a class action under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") alleging that Jam Productions, Ltd., Event Productions, Inc., Standing Room Only Inc., and Victoria Operating Company, LLC (collectively, "Defendants") constituted a joint employer and were jointly and severally liable for their alleged failure to pay all overtime due to Named Plaintiffs and others similarly situated whom Defendants employed as stagehands; and

WHEREAS, effective November 9, 2016, and as extended on February 14 and March 28, 2017, the statute of limitations was tolled by agreement of the parties until May 1, 2017; and

Huffman, *et al.* v. Jam Productions, Ltd., *et al.*
Case No. 16-cv-8616
Final Settlement Agreement and Release

WHEREAS, the attorneys for Named Plaintiffs have had the opportunity to examine Defendants' records related to the payment of overtime during the period November 9, 2013, through November 9, 2016, and the parties have identified additional of Defendants' employees who have worked as stagehands who may have claims with respect to this Litigation ("Eligible Plaintiffs"); and

WHEREAS, Defendants dispute the existence of a joint employer relationship, the amount of compensable time at issue in the Litigation, and other relevant matters including but not limited to the entitlement of Named Plaintiffs and Eligible Plaintiffs (collectively, "Plaintiffs") for additional overtime compensation; and

WHEREAS, Defendants deny any liability to Plaintiffs in the Litigation but have concluded that it is desirable to settle the Litigation to avoid potential additional inconvenience, delay, and expense and to dispose of potentially burdensome and protracted litigation; and

WHEREAS, the attorneys for Named Plaintiffs believe that the Litigation is meritorious but, recognizing that the Litigation would be protracted and would have an uncertain outcome, have concluded that it is desirable to settle the Litigation and that this settlement agreement ("Agreement") is fair, adequate, reasonable, and in the best interests of Plaintiffs; and

WHEREAS, the Parties reached a settlement agreement of this matter on May 19, 2017, which they submitted to the Court for approval, and the Court denied approval of the agreement absent certain modifications to the procedures set forth in that agreement; and

WHEREAS, the Parties have agreed to such modifications, which are reflected herein;

IT IS THEREFORE AGREED:

2

Huffman, *et al.* v. Jam Productions, Ltd., *et al.*
Case No. 16-cv-8616
Final Settlement Agreement and Release

### TERMS AND CONDITIONS OF AGREEMENT

1.   *Recitals*. The recitals above are incorporated in and made a part of this Agreement.

2.   *Part of Judgment*. This Agreement shall be entered as part of a stipulated final judgment in the Litigation.

3.   *Amount of Settlement*. Defendants agree, jointly and severally, to pay Plaintiffs not more than $14,006.47 in the aggregate for unpaid wages, allocated individually in accordance with the table attached as Exhibit A and incorporated by reference, plus not more than $10,393.53 in the aggregate for liquidated damages, allocated individually at 74.20520659% of the unpaid wage amounts as set forth in Exhibit A, subject to the following conditions:

(a)   The Named Plaintiffs shall receive two checks, one for unpaid wages, subject to the usual and customary payroll withholding and deductions, and one for liquidated damages, not subject to the usual and customary withholding and deductions.

(b)   Each of the Eligible Plaintiffs shall receive two checks, one for unpaid wages, subject to the usual and customary payroll withholding and deductions, and one for liquidated damages, not subject to the usual and customary withholding and deductions, provided that each such Eligible Plaintiff either submits a signed Consent to Join Suit as a Party Plaintiff ("Consent"), which is attached as Exhibit B and incorporated by reference, in sufficient time to have Plaintiffs' counsel file it with the Federal Court no later than August 31, 2017, or files a signed Consent to Join Suit as a Party Plaintiff and Objection to Settlement Agreement Form with the District Court by August 31, 2017. Defendants shall have no liability under this Agreement to any Eligible Plaintiff who does not either timely submit the required Consent to Plaintiffs' Counsel or timely file the required Consent and Objection with the District Court. The aggregate amount of

3

Huffman, *et al.* v. Jam Productions, Ltd., *et al.*
Case No. 16-cv-8616
Final Settlement Agreement and Release

the payments described in the first sentence of Paragraph 3 will be correspondingly reduced by the total amount allocated in Exhibit A for each Eligible Plaintiff who does not timely submit the required Consent or timely file a Consent and Objection.

(c)   Defendants have made a good faith effort to identify all stagehand employees who may have claims with respect to the subject matter of the Litigation. In the event that additional stagehand employees contact Defendants or the attorneys for Named Plaintiffs and indicate that they believe they have a claim with respect to the subject matter of the Litigation, the attorneys for Defendants and the attorneys for Named Plaintiffs shall make reasonable, good faith efforts to determine whether such individuals are entitled to payment on such asserted claims. Provided, however, that Defendants shall have no liability under this Agreement to any such individuals who do not make their asserted claims known to either Defendants or the attorneys for Named Plaintiffs within sixty days after the mailing of the notice of right to join lawsuit and settlement referred to in Paragraph 5 below. Provided further that no additional payments shall be made by Defendants unless Defendants determine that such individuals are eligible for payments and such individuals submit a signed waiver and release.

4.   *Release*. In the event that the Court grants final approval of this Agreement after a hearing, each Named Plaintiff, each Eligible Plaintiff who timely submits a signed Consent, and each Eligible Plaintiff who timely files a signed Consent and Objection, fully, finally, and forever releases, relinquishes, discharges, and waives any and all claims he or she has or might have against Defendants, their officers, directors, employees, attorneys, and agents arising from any act, omission, or occurrence arising through the date this Agreement is signed on account of any loss or damages, known or unknown, arising out of or relating to Defendants'

Huffman, *et al.* v. Jam Productions, Ltd., *et al.*
Case No. 16-cv-8616
Final Settlement Agreement and Release

alleged failure to pay wages or overtime that have been raised or could have been raised by, or which arise from or relate to the facts, transactions, or occurrences described in or encompassed by the Litigation, including but not limited to all claims under the Fair Labor Standards Act, 29 U.S.C. Sec. 201 *et seq.*, the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.*, or any other federal or state law, local ordinance, or regulation governing wages, hours, or overtime compensation.

5. *Court Approval.*

(a) By June 12, 2017, the parties shall jointly move the Court for preliminary approval of this Agreement (in substantially the same form as Exhibit C, which is attached and incorporated herein by reference), including a request that the Court authorize notice and approve the mailing of a Notice of Right to Join Lawsuit, Summary of Settlement Agreement, and Notice of Hearing (in substantially the same form as Exhibit D, which is attached and incorporated by reference) and enter an order authorizing notice and setting a hearing (in substantially the same form as Exhibit E, which is attached and incorporated by reference).

(b) Within five business days after the date of the order preliminarily approving the Agreement and the authorization of notice, Defendants shall provide attorneys for Named Plaintiffs with the last known addresses of the Eligible Plaintiffs and, within five business days thereafter, attorneys for Named Plaintiffs shall mail or cause to be mailed at Plaintiffs' expense the aforesaid form of notice of settlement, with all blanks appropriately filled in and a prepaid return envelope enclosed, by first-class mail, postage prepaid, to all Eligible Plaintiffs at their last known addresses on file with Defendants. If Named Plaintiffs believe they have more recent information as to the mailing address of

5

Huffman, *et al.* v. Jam Productions, Ltd., *et al.*
Case No. 16-cv-8616
Final Settlement Agreement and Release

any Eligible Plaintiff, they shall disclose that information to Defendants and, with Defendants' consent, may send notice of settlement to each such Eligible Plaintiff at that address instead of the address supplied by Defendants.

The order of preliminary approval shall be in substantially the same form as Exhibit E hereto.

(c)   If the Court, after holding the fairness hearing as provided in Exhibit D, approves the terms of this Agreement, the parties shall jointly request that this Agreement be entered as an order of the Court and that the terms of this Agreement be expressly incorporated into the Court's order granting final approval of the Agreement and dismissing the Lawsuit with prejudice.

6.   *Final Court Approval.*  The parties hereto agree to take such actions as are reasonably necessary to obtain final approval of this settlement agreement by the Court, including but not limited to filing separate memoranda in opposition to any objections to this settlement agreement and filing a joint motion for final approval of this settlement agreement. The final judgment entered upon the settlement hearing by the Court shall be in substantially the same form as Exhibit G hereto.

7.   *Payments to Plaintiffs.*  Defendants shall mail Plaintiffs the amounts allocated to them either (a) within forty-five days after the entry of the final judgment incorporating this settlement agreement if a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure or a notice of appeal challenging this settlement agreement has not been filed by any Plaintiff or, (b) if a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure or a notice of appeal challenging this settlement agreement has been filed, within forty-five days after all appellate proceedings pertaining to this settlement agreement have

6

Huffman, *et al.* v. Jam Productions, Ltd., *et al.*
Case No. 16-cv-8616
Final Settlement Agreement and Release

been completed and this settlement agreement has been finally determined to be valid and binding. Defendants shall make these payments by checks sent by first-class mail, postage prepaid, to the address supplied by Plaintiffs on their Consent forms or, if none is supplied, to their last known address. Said checks shall be valid for not less than 120 days from their issuance. Defendants shall provide attorneys for Named Plaintiffs with a report indicating the Plaintiffs' names, addresses, payment amounts, check numbers, and the dates such checks were issued and mailed, within seven days of the date the checks are mailed, and shall notify attorneys for Named Plaintiffs of any checks that are returned as undeliverable within seven days of their known receipt of any such returned checks. Defendants shall bear all costs of mailing all checks to Plaintiffs.

8.  *Attorneys' Fees and Costs.*

(a)  As part of this Agreement, Defendants agrees to pay Jacobs, Burns, Orlove & Hernandez the sum of $12,000.00 in attorneys' fees and costs either (a) within forty-five days after the entry of the final judgment incorporating this settlement agreement if a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure or a notice of appeal challenging this settlement agreement has not been filed by any Plaintiff, or (b) if a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure or a notice of appeal challenging this settlement agreement has been filed, within forty-five days after all appellate proceedings pertaining to this settlement agreement have been completed and this settlement agreement has been finally determined to be valid and binding. It is further understood that this sum of $12,000.00 constitutes full and complete payment to Jacobs, Burns, Orlove & Hernandez for all past and future legal services rendered with

7

Huffman, *et al.* v. Jam Productions, Ltd., *et al.*
Case No. 16-cv-8616
Final Settlement Agreement and Release

respect to the Litigation on behalf of the Plaintiffs, other than any legal services necessary to enforce this Agreement.

(b)   Defendants agrees to bear their own attorney fees and costs and shall not seek attorney fees and costs from any Plaintiff or attorneys for Named Plaintiffs.

9.   *Entire Agreement*. This Agreement, including the recitals herein, constitutes the entire agreement between the parties hereto and wholly supersedes any prior agreements or understandings between the parties with respect to the settlement, including the settlement agreement entered into on May 19, 2017. This Agreement may be modified only by written agreement signed by all parties or their representatives.

10.   *Counterparts.* This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Photocopies, scanned copies, or facsimile copies of such signed counterparts may be used in lieu of the originals.

11.   *Miscellaneous Provisions*. The parties hereto agree to the following provisions:

(a)   All of the exhibits attached hereto are incorporated by reference as though fully set forth herein.

(b)   The parties hereto have participated in the drafting of this Agreement and, accordingly, any claimed ambiguity should not be presumptively construed for or against any of the parties hereto.

(c)   This Agreement shall be interpreted and applied in accordance with federal law, where applicable, and, if federal law is not applicable, in accordance with Illinois law.

(d)   The parties hereto waive any right to appeal or collaterally attack the final judgment approving and incorporating this Agreement.

8

Huffman, *et al.* v. Jam Productions, Ltd., *et al.*
Case No. 16-cv-8616
Final Settlement Agreement and Release

(e)   The attorneys for Named Plaintiffs shall use their best reasonable efforts to ensure that each Eligible Plaintiff receives and understands the notice and Consent.

(f)   Neither Named Plaintiffs nor their attorneys shall solicit or encourage any Eligible Plaintiff to refrain from opting into this settlement.

ACCEPTED AND AGREED:

Justin Huffman

By: _____    Date: ____6/12/2017_____
David Huffman-Gottschling, counsel

Gregor Kramer

By: _____    Date: ____6/12/2017_____
David Huffman-Gottschling, counsel

Archie Yumping

By: _____    Date: ____6/12/2017_____
David Huffman-Gottschling, counsel

Christopher Shaw

By: _____    Date: ____6/12/2017_____
David Huffman-Gottschling, counsel

ACCEPTED AND AGREED:

JAM PRODUCTIONS, LTD.

By: _Caryn Busse_     Date: _6/12/17_
Name _CARYN BUSSE_

EVENT PRODUCTIONS, INC.

By: _Elayne Ruombos_     Date: _6/12/17_
Name _ELAYNE RUOMBOS_

STANDING ROOM ONLY, INC.

By: _Mary Beth Kyle_     Date: _6/12/17_
Name _Mary Beth Kyle_

VICTORIA OPERATING COMPANY, LLC

By: _Mary Beth Kyle_     Date: _6/12/17_
Name _Mary Beth Kyle_

# Exhibit 1-A

**EXHIBIT A**
**Allocation of Settlement Amounts**

| Plaintiff Name | For Unpaid Overtime Wages | For Liquidated Damages | Total Settlement |
|---|---|---|---|
| Alvarez, Danny | $ 49.00 | $ 36.36 | $ 85.36 |
| Angone, Carli | 120.99 | 89.78 | 210.77 |
| Arellano, Juan | 153.14 | 113.64 | 266.78 |
| Benson, Brent | 101.44 | 75.27 | 176.71 |
| Bessamer, Eva | 51.61 | 38.29 | 89.90 |
| Bilecki, Ed | 68.96 | 51.17 | 120.13 |
| Booher, John | 823.37 | 610.98 | 1,434.35 |
| Bulawa, Scott | 159.12 | 118.08 | 277.20 |
| Darden, Fred | 1,554.57 | 1,153.57 | 2,708.14 |
| Durham, Eric | 441.24 | 327.42 | 768.66 |
| Felmdan, Eli | 971.06 | 720.58 | 1,691.64 |
| Fritz, Jerry | 34.25 | 25.42 | 59.67 |
| Gilbert, Francis | 311.14 | 230.88 | 542.02 |
| Glazebrook, Chris | 91.54 | 67.93 | 159.47 |
| Gruber, Easton | 265.03 | 196.66 | 461.69 |
| Hamburg, Chris | 187.56 | 139.18 | 326.74 |
| Harrison, Art | 51.61 | 38.29 | 89.90 |
| Huffman, Justin | 986.42 | 731.98 | 1,718.40 |
| Johnson, Eric | 800.69 | 594.15 | 1,394.84 |
| Kramer, Gregor | 408.86 | 303.40 | 712.26 |
| Lee, Jason | 504.01 | 374.01 | 878.02 |
| Leggett, Chris | 128.16 | 95.10 | 223.26 |
| Mangnall, Bryan | 25.50 | 18.92 | 44.42 |
| Martinez, David | 85.96 | 63.79 | 149.75 |
| Merder, Jason | 270.00 | 200.35 | 470.35 |
| Mihelic, Jeffery | 254.88 | 189.13 | 444.01 |
| Mihelic, Joe | 144.00 | 106.86 | 250.86 |
| Morales, Mike | 320.51 | 237.83 | 558.34 |
| Mulvey, Mike | 37.45 | 27.79 | 65.24 |
| Murray, Connor | 55.04 | 40.85 | 95.89 |
| Oliver, Scott | 100.24 | 74.38 | 174.62 |
| Peterson, Bertil | 365.21 | 271.01 | 636.22 |
| Phipps, Chris | 79.45 | 58.96 | 138.41 |
| Repar, Paul | 231.19 | 171.55 | 402.74 |
| Shaw, Chris (Jolly) | 1,442.22 | 1,070.20 | 2,512.42 |
| Simsik, Eric | 102.93 | 76.38 | 179.31 |
| Svitek IV, Lou | 51.12 | 37.93 | 89.05 |
| Svitek, Lou | 374.86 | 278.16 | 653.02 |
| Thomson, Gabe | 33.64 | 24.96 | 58.60 |
| Trusky, Phillip | 769.57 | 571.06 | 1,340.63 |
| Wright, Paul | 150.00 | 111.31 | 261.31 |
| Yumping, Archie | 848.94 | 629.96 | 1,478.90 |
| | $14,006.47 | $10,393.53 | $24,400.00 |

# Exhibit 1-B

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Justin Huffman, Gregor Kramer, Archie Yumping,
and Christopher Shaw, individually and on behalf of all
others similarly situated,

               Plaintiffs,

    v.

Jam Productions, Ltd., Event Productions, Inc.,
Standing Room Only Inc., and Victoria Operating
Company, LLC,

               Defendants.

Case No. 16-cv-8616
Magistrate Judge Cox

## CONSENT TO JOIN SUIT AS A PARTY PLAINTIFF
### *(This form must be completed in ink, not pencil.)*

I swear and affirm that the following statements are true to the best of my knowledge. By my signature below I represent to the Court that I was employed by Jam Productions, Ltd., Event Productions, Inc., Standing Room Only Inc., and/or Victoria Operating Company, LLC ("Defendants") at some point from November 9, 2013, to November 9, 2016. During that time, I was not paid overtime wages for all hours over forty that I worked in a week when (a) I worked for more than one of the Defendants in a week, and my total hours for all of the Defendants that I worked for during that week were more than forty; and/or (b) I worked for Event Productions under both the special events division and the concert division in the same week, and my total hours for both divisions for that week were more than forty.

I understand that this lawsuit is brought under federal and state law, specifically the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201, *et seq.* and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* I also understand that the lawsuit seeks recovery for liquidated damages and attorneys' fees. I authorize through this Consent the settlement of this lawsuit in my name and on behalf of similarly situated persons. I also nominate and authorize Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher "Jolly Roger" Shaw, the Named Plaintiffs in this case, to act as the Settlement Committee and to represent me in settlement negotiations. I agree to be bound by the terms of the settlement agreement and release executed on June 12, 2017.

_____
Signature

Date signed: _____

_____
Print name

Telephone number: _____

_____
Street address, City, State, ZIP

*Your completed Consent may be returned using the enclosed prepaid envelope,*
*or by scanning and emailing to davidhg@jbosh.com.*

# Exhibit 1-D

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Justin Huffman, Gregor Kramer, Archie Yumping,
and Christopher Shaw, individually and on behalf of
all others similarly situated,

$\qquad$ Plaintiffs,

$\qquad$ v.

Jam Productions, Ltd., Event Productions, Inc.,
Standing Room Only Inc., and Victoria Operating
Company, LLC,

$\qquad$ Defendants.

Case No. 16-cv-8616
Magistrate Judge Cox

## NOTICE OF RIGHT TO JOIN LAWSUIT,
## SUMMARY OF SETTLEMENT AGREEMENT,
## AND NOTICE OF HEARING

The purpose of this Notice is to inform you of a collective action lawsuit and settlement in which you are potentially "similarly situated" to Named Plaintiffs Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher "Jolly Roger" Shaw ("Plaintiffs"), to advise you of how your rights may be affected by this lawsuit and settlement, and to instruct you on the procedure for participating in this lawsuit and settlement if you decide to do so, as well as your rights with respect to the process of obtaining judicial approval of the settlement.

**Please read this notice carefully. Your rights may be affected by the settlement agreement.**

## DESCRIPTION OF THIS CASE

On September 1, 2016, Plaintiffs filed this collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and class action under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL").

Plaintiffs alleged that Jam Productions, Inc., Event Productions, Inc., Standing Room Only Inc., and Victoria Operating Company, LLC (collectively, the "Defendants") violated the FLSA and IMWL by not paying their stagehand employees all of the overtime wages they were owed. Specifically, Plaintiffs alleged that they and other stagehand employees were not

paid overtime wages for all hours over forty that they worked in a week when (a) they worked for more than one of the Defendants in a week, and their total hours for all of the Defendants that they worked for during that week were more than forty; and/or (b) they worked for Event Productions under both the special events division and the concert division in the same week, and their total hours for both divisions for that week were more than forty.

**You have been identified as an employee of one or more Defendants who, during the period November 9, 2013, through November 9, 2016, worked more than forty hours in one or more weeks in the circumstances described in the paragraph above, but may not have been paid overtime for all of those hours over forty.**

### NOTICE OF YOUR RIGHT TO JOIN LAWSUIT AND SETTLEMENT AGREEMENT

You have a right to participate in this lawsuit and settlement. It is entirely your decision whether or not to join this lawsuit and settlement, and your participation is completely voluntary. You are not required to join this lawsuit or settlement or take any action unless you want to. If you want to join this lawsuit and settlement you may join (or "opt in" to) the lawsuit by mailing or delivering the enclosed yellow Consent to Become a Party Plaintiff form (the "Consent") to Plaintiffs' Counsel at the address listed below. **You must fully complete the yellow Consent and make certain that Plaintiffs' counsel has received it by 5:00 p.m. on Tuesday, August 29, 2017, so that Plaintiffs' attorneys can file it with the federal court no later than August 31, 2017. Otherwise, you will not be able to participate in this lawsuit and settlement.**

If you choose not to join this lawsuit and settlement, you will not be affected by any judgment or settlement rendered in this case. If you choose not to join the lawsuit and settlement, you are free to file your own lawsuit, either on your own behalf of through an attorney of your own choice.

If you choose to join this lawsuit and settlement, your interests will be represented by Plaintiffs through their attorneys as counsel for the class. Counsel for the class are:

David Huffman-Gottschling
William W. Leathem
Charles P. Burns
Jacobs, Burns, Orlove & Hernandez
150 N. Michigan Ave, Suite 1000

2

Chicago, IL 60601
312-372-1646
davidhg@jbosh.com

## NOTICE OF HEARING

**NOTICE IS HEREBY GIVEN**, pursuant to an Order of the United States District Court for the Northern District of Illinois dated June 20, 2017, that a hearing will be held before the Honorable Susan E. Cox in Room 1025 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois 60604 on **Wednesday, September 20, 2017, at [time].** The purpose of this hearing is to determine the fairness, adequacy, and reasonableness of a settlement agreement which is intended to settle your claims against Defendants in the above-captioned case, should you choose to participate in this lawsuit and settlement.

The full terms of the settlement are set forth in a settlement agreement dated June 12, 2017. The settlement agreement and the complaint and other pleadings filed in the case are on file with the Clerk of the Court. If you want to obtain a copy of the settlement agreement or any other document related to this case, see the section of this Notice entitled "Inspection of Documents and Responses to Your Questions." This Notice generally describes the terms of the settlement agreement, but the settlement agreement itself is the controlling document and will govern in the case of any conflict with the provisions of this Notice.

## TERMS OF THE SETTLEMENT

A. <u>Unpaid Wages and Liquidated Damages</u>. Defendants have agreed to pay Plaintiffs up to $24,400 in the aggregate, allocated individually in the settlement agreement. **The settlement agreement allocates $_____ to you for unpaid wages, which is subject to the usual and customary withholdings and deductions by the defendants. The settlement agreement also allocates an additional $_____ to you for liquidated damages, which is not subject to the usual and customary withholdings and deductions by defendants.** The Defendants will issue an IRS Form 1099 for the liquidated damages amount.

**To receive your payment you must sign, date, and complete an enclosed consent and return it either by mailing it in the provided envelope or by scanning and emailing it to Plaintiffs' attorney (David Huffman-Gottschling at Jacobs, Burns, Orlove & Hernandez, 150 N. Michigan Ave, Suite 1000, Chicago, IL 60601, davidhg@jbosh.com) no later than**

3

**5:00 P.M. on Tuesday, August 29, 2017, so that Plaintiffs' attorney can file it with the
federal court no later than August 31, 2017.**

If you timely return the completed Consent and the Court approves the settlement
agreement, the settlement agreement will be binding on you, and you will waive any and all
claims you may have against Defendants related to unpaid overtime wages during the period
of time November 9, 2013, through May 19, 2017. If you do not timely return the completed
Consent, the settlement agreement is not binding on you, you will not receive a payment
under the settlement agreement, and you will not waive any claims.

Defendants will pay the sums allocated to the settlement within forty-five days after final
Court approval of the settlement agreement, provided that no notice of appeal challenging the
settlement agreement has been filed. If such a notice of appeal has been filed, Defendants will
pay the sums allocated to the settlement within 45 days after all appellate proceedings have
been completed and the settlement agreement has been finally determined to be valid and
binding. Defendants will make payments by checks sent by first class mail, postage prepaid,
and such checks shall be valid for not less than 120 days from their issuance. If the Court does
not give final approval to the settlement agreement or if the settlement agreement is
determined not to be valid and binding, Defendants have no obligation to, and will not, pay
Plaintiffs the sums allocated to them in the settlement agreement.

B.  Release of Claims. Under the settlement agreement, if approved by the Court, each
Plaintiff fully, finally, and forever releases, relinquishes, discharges, and waives any and all
claims he or she has or might have against Defendants, their officers, directors, employees,
attorneys, and agents arising from any act, omission, or occurrence arising through the date
this Agreement is signed on account of any loss or damages, known or unknown, arising out
of or relating to Defendants' alleged failure to pay wages or overtime that have been raised or
could have been raised by, or which arise from or relate to the facts, transactions, or
occurrences described in or encompassed by the Litigation, including but not limited to all
claims under the Fair Labor Standards Act, 29 U.S.C. Sec. 201 *et seq.*, the Illinois Minimum
Wage Act, 820 ILCS 105/1 *et seq.*, or any other federal or state law, local ordinance, or
regulation governing wages, hours, or overtime compensation.

4

C. <u>Attorneys' Fees and Costs</u>. Defendants have agreed in the settlement agreement to pay Plaintiffs' attorneys $12,000.00 in fees and costs for this case. Defendants have agreed to bear their own attorneys' fees and costs.

**HOW TO OBJECT TO JUDICIAL APPROVAL**
**OF THE SETTLEMENT AGREEMENT**

As stated above, a hearing will be held on September 20, 2017, for the Court to determine whether the settlement agreement is fair, adequate, and reasonable and, if so, whether to give it final approval.

If you believe that the settlement agreement is fair, adequate, and reasonable, and wish to participate and receive your settlement payment, you must complete the yellow consent and return to Plaintiffs' counsel by August 29, 2017, as described above.

If you simply do not wish to join this lawsuit and settlement, you need do nothing.

If, however, you wish to join the lawsuit as a party plaintiff but object to any part of the settlement agreement, you must complete the enclosed pink objection form and file it with the Court. Your written objection must be filed with the Court on or before August 31, 2017. In the event you file your written objection with the Court by mail, it must be received by the Court in time to be filed by August 31, 2017. Written objections must be sent to: Clerk of the Court, United States District Court, 219 S. Dearborn St., Chicago, IL 60604. A copy of your written objection must also be sent, postmarked by August 31, 2017, to David Huffman-Gottschling, one of Plaintiffs' attorneys, at Jacobs, Burns, Orlove & Hernandez, 150 N. Michigan Ave., Ste. 1000, Chicago, IL 60601. If you timely file a written objection you may appear at the settlement hearing to address the Court regarding your written objection, but it is not a requirement that you appear in court to present your written objection. If you wish to be heard orally at the hearing, you must indicate in your written objection your intention to appear at the hearing. You will not be represented by Plaintiffs' attorneys, Jacobs, Burns, Orlove & Hernandez, with respect to any objection that you file. If you want legal representation regarding any objection you file, you will have to obtain your own legal counsel. Any objection not filed or served according to the above procedures shall be deemed to have been waived.

If the Court approves the settlement agreement over your objections, you will be bound by the terms of the settlement agreement, you will receive the settlement payment provided

for in the settlement agreement, and you <u>will waive</u> any and all claims you may have against Defendants related to unpaid overtime wages during the period of time November 9, 2013, through May 19, 2017.

The Court cannot change the terms of the settlement agreement as a result of any objection. The only ruling that the Court may make is whether to approve or to reject the settlement agreement in its totality. Revisions cannot be made without the mutual agreement of the parties through their attorneys.

## RIGHTS OF APPEAL

Only Plaintiffs who timely object to judicial approval of the settlement agreement in the manner described above shall have any right to appeal final approval of the settlement agreement by the Court.

## WHY NAMED PLAINTIFFS AND DEFENDANTS BELIEVE
## THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE

The settlement agreement was negotiated by Named Plaintiffs, their attorneys, Defendants, and their attorneys. The unpaid wages amount represents all hours of work over forty in a week that were paid at straight time rather than overtime, multiplied by the overtime rate of pay, plus an additional 74.20520659% of such unpaid wages in liquidated damages. There was no collusion between the parties in reaching the settlement agreement. Plaintiffs' attorneys are of the opinion that the settlement agreement is fair, adequate, reasonable, and in the best interest of the affected employees.

## INSPECTION OF DOCUMENTS
## AND RESPONSES TO YOUR QUESTIONS

Should you wish to examine copies of any documents, including the settlement agreement, filed with this Court in this case, you may visit or contact the Office of the Clerk for that purpose, United States District Court for the Northern District of Illinois, during business hours, 9:00 a.m. – 4:30 p.m., 219 S. Dearborn Street, 20th Floor, Chicago, Illinois. A full copy of the settlement agreement may be obtained from Plaintiffs' counsel at the pre-paid cost of $25.00 to cover copying costs, mailing costs, and administrative costs.

Should you have any questions, you may write or email Plaintiffs' counsel at:

David Huffman-Gottschling
Jacobs, Burns, Orlove & Hernandez
150 N. Michigan Ave, Suite 1000
Chicago, IL 60601
davidhg@jbosh.com

or you may telephone David Huffman-Gottschling at (312) 327-3443 during normal business hours between 9:00 a.m. and 5:00 p.m., Monday through Friday.

## CHANGE OF ADDRESS

If your address has changed recently, or if this Notice was not sent to your current address, please indicate your current address on the Consent if you submit one.

**Other than to obtain information about inspecting the court files in this case, please do not contact the Court or the Clerk's office for information about the settlement agreement.**

By Order of the Court
United States District Court
Northern District of Illinois

# Exhibit 1-E

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | Case No. 16-cv-8616<br>Magistrate Judge Cox |
| Jam Productions, Ltd., Event Productions, Inc., Standing Room Only Inc., and Victoria Operating Company, LLC, | |
| Defendants. | |

## ORDER AUTHORIZING NOTICE OF RIGHT
## TO JOIN LAWSUIT AND GRANTING PRELIMINARY APPROVAL OF
## SETTLEMENT AGREEMENT AND RELEASE

THIS MATTER COMING BEFORE THE COURT on the parties' joint motion for final approval of settlement agreement and the Court being fully advised in the premises,

THE COURT HEREBY FINDS AND ORDERS:

1. On September 1, 2016, Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw ("Named Plaintiffs") filed a complaint in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 16-cv-8616 (the "Litigation"), alleging a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and class action under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") alleging that Defendants were a joint employer and that Defendants had failed to pay all overtime due to stagehands whom they jointly employed.

2. Effective November 9, 2016, and as extended on February 14 and March 28, 2017, the statute of limitations was tolled by agreement of the parties until May 1, 2017.

3.   The attorneys for Named Plaintiffs have had the have had the opportunity to examine Defendants' records related to the payment of overtime during the period November 9, 2013, through November 9, 2016, and the parties have identified additional of Defendants' employees who have worked as stagehands who may have claims with respect to this Litigation ("Eligible Plaintiffs").

4.   On or about May 19, 2017, the Named Plaintiffs and Defendants reached a settlement agreement. After submitting that agreement to this Court for approval, and pursuant to the Court's order dated May 31, 2017, the parties have entered into a new settlement agreement, dated June 12, 2017, modifying certain terms of their original agreement. *See* Exhibit 1.

5.   Parties to an FLSA lawsuit may settle disputed claims by means of a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

6.   Under the Final Settlement Agreement and Release ("settlement agreement"), the Defendants agree to pay up to $24,400.00 in the aggregate as allocated in the settlement agreement to the Named Plaintiffs and to those Eligible Plaintiffs who timely submit an executed Consent to Join Suit as a Party Plaintiff (together, "Plaintiffs"). Under the settlement agreement, the Defendants also agree to pay the attorneys for Named Plaintiffs $12,000.00 in fees and costs. The Defendants also agree to bear their own attorneys' fees and costs and shall not seek attorneys' fees and costs from any Plaintiff or from attorneys for Named Plaintiffs.

7.   Under the settlement agreement, Plaintiffs release the Defendants from all claims arising from any act, omission, or occurrence arising through the date the settlement agreement is signed on account of any loss or damages arising out of or relating to Defendants'

alleged failure to pay wages or overtime that have been raised or which could have been raised by, or which arise from or relate to the facts, transactions, or occurrences described in or encompassed by the Litigation.

8.    The joint motion for preliminary approval of settlement agreement is granted, and the Court preliminarily finds, subject to any objections and further hearing, that the settlement agreement attached to the joint motion as Exhibit 1 is fair, adequate, reasonable, and in the best interest of Plaintiffs.

9.    The form of notice of settlement by first class mail attached to the joint motion as Exhibit D is hereby approved. Within five business days after the date of the order preliminarily approving the Agreement and the authorization of notice, Defendants shall provide attorneys for Named Plaintiffs with the last known addresses of the Eligible Plaintiffs and, within five business days thereafter, attorneys for Named Plaintiffs shall mail or cause to be mailed at Plaintiffs' expense the aforesaid form of notice of settlement, with all blanks appropriately filled in and a prepaid return envelope enclosed, by first-class mail, postage prepaid, to all Eligible Plaintiffs at their last known addresses on file with Defendants. If Named Plaintiffs believe they have more recent information as to the mailing address of any Eligible Plaintiff, they shall disclose that information to Defendants and, with Defendants' consent, may send notice of settlement to each such Eligible Plaintiff at that address instead of the address supplied by Defendants.

10.    The Court finds that the mailing of the notice required herein is valid, due, and sufficient notice to Plaintiffs of these proceedings and of the settlement agreement, and such notice constitutes the best notice practicable under the circumstances and complies fully with

the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

11.  Plaintiffs may object to judicial approval of the settlement agreement.  In order to object to judicial approval of the settlement agreement, a Plaintiff shall fill out, sign, and return the form of Consent to Join Suit as Party Plaintiff and Objection to Settlement Agreement attached as Exhibit 1-F to the parties' joint motion. Such written objection shall be filed with the Court on or before August 31, 2017; in the event that the written objection is filed with the Court by mail, the written objection must be received by the Court in time to be filed on or before August 31, 2017. A copy of the written objection must be mailed to David Huffman-Gottschling, postage prepaid and postmarked by August 31, 2017.  Plaintiffs who do not timely object to judicial approval of the settlement agreement in this manner shall be deemed to have waived their objections.


ENTERED: _____          _____
                                          UNITED STATES MAGISTRATE JUDGE

4

# Exhibit 1-F

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

Jam Productions, Ltd., Event Productions, Inc., Standing Room Only Inc., and Victoria Operating Company, LLC,

Defendants.

Case No. 16-cv-8616
Magistrate Judge Cox

## CONSENT TO JOIN SUIT AS A PARTY PLAINTIFF
## AND OBJECTION TO SETTLEMENT AGREEMENT
### *(This form must be completed in ink, not pencil.)*

I swear and affirm that the following statements are true to the best of my knowledge. By my signature below I represent to the Court that I was employed by Jam Productions, Ltd., Event Productions, Inc., Standing Room Only Inc., and/or Victoria Operating Company, LLC ("Defendants") at some point from November 9, 2013, to November 9, 2016. During that time, I was not paid overtime wages for all hours over forty that I worked in a week when (a) I worked for more than one of the Defendants in a week, and my total hours for all of the Defendants that I worked for during that week were more than forty; and/or (b) I worked for Event Productions under both the special events division and the concert division in the same week, and my total hours for both divisions for that week were more than forty.

I understand that this lawsuit is brought under federal and state law, specifically the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201, *et seq.* and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* I also understand that the lawsuit seeks recovery for liquidated damages and attorneys' fees.

I wish to participate in the settlement of this lawsuit, and therefore I consent to join the lawsuit as a party plaintiff.

However, I object to the proposed settlement agreement and release executed on June 12, 2017 (the "Agreement"). The basis for my objection is stated on the back of this form.

I understand that, if the Court overrules my objection and approves the Agreement, I will be bound by the terms of the Agreement, I will receive the settlement payment provided for in the Agreement, and I will waive any and all claims I may have against Defendants related to unpaid overtime wages during the period of time November 9, 2013, through May 19, 2017.

***This completed form must be filed with the Clerk of the U.S. District Court <u>and</u> mailed to David Huffman-Gottschling at the address in the Notice by August 31, 2017.***

**State the basis for your objection below. Please be as specific as possible, and use additional sheets if necessary.**

**Do you intend to appear at the settlement hearing on September 20, 2017, at _____ ?**

❏ Yes ❏ No

**If "yes," will you be appearing through an attorney?**

❏ Yes ❏ No

_____          Date signed: _____
Signature

_____          Telephone number: _____
Print name

_____
Street address, City, State, ZIP

*This completed form must be filed with the Clerk of the U.S. District Court <u>and</u> mailed to David Huffman-Gottschling at the address in the Notice by August 31, 2017.*

# Exhibit 1-G

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw, individually and on behalf of all others similarly situated,

                Plaintiffs,

    v.

Jam Productions, Ltd., Event Productions, Inc., Standing Room Only Inc., and Victoria Operating Company, LLC,

                Defendants.

Case No. 16-cv-8616
Magistrate Judge Cox

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT**

THIS MATTER COMING BEFORE THE COURT on the parties' joint motion for final approval of settlement agreement and the Court being fully advised in the premises and having heard all properly filed objections to the settlement agreement,

THE COURT HEREBY FINDS AND ORDERS:

1. On September 1, 2016, Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw ("Named Plaintiffs") filed a complaint in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 16-cv-8616 (the "Litigation"), alleging a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and class action under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") alleging that Defendants were a joint employer and that Defendants had failed to pay all overtime due to stagehands whom they jointly employed.

2. Effective November 9, 2016, and as extended on February 14 and March 28, 2017, the statute of limitations was tolled by agreement of the parties until May 1, 2017.

3.    The attorneys for Named Plaintiffs have had the have had the opportunity to examine Defendants' records related to the payment of overtime during the period November 9, 2013, through November 9, 2016, and the parties have identified additional of Defendants' employees who have worked as stagehands who may have claims with respect to this Litigation ("Eligible Plaintiffs").

4.    On or about May 19, 2017, the Named Plaintiffs and Defendants reached a settlement agreement. After submitting that agreement to this Court for approval, and pursuant to the Court's order dated May 31, 2017, the parties have entered into a new settlement agreement, dated June 12, 2017, modifying certain terms of their original agreement. *See* Exhibit 1.

5.    Parties to an FLSA lawsuit may settle disputed claims by means of a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

6.    On June 12, 2017, the parties submitted their settlement agreement, which is incorporated by reference, to the Court and moved for an order preliminarily approving it. On June 20, 2017, the Court entered an order which, among other things, approved the settlement agreement preliminarily, established a date for a hearing on the fairness of the settlement agreement, and ordered that notice of the settlement agreement and of the fairness hearing be given to Plaintiffs by first-class mail.

7.    Under the settlement agreement, the Defendants agree to pay up to $24,400.00 in the aggregate as allocated in the settlement agreement to the Named Plaintiffs and to those Eligible Plaintiffs who timely submit an executed Consent to Join Suit as a Party Plaintiff (together, "Plaintiffs"). Under the settlement agreement, the Defendants also agree to pay the

attorneys for Named Plaintiffs $12,000.00 in fees and costs. The Defendants also agree to bear their own attorneys' fees and costs and shall not seek attorneys' fees and costs from any Plaintiff or from attorneys for Named Plaintiffs.

8.    Under the settlement agreement, Plaintiffs release the Defendants from all claims arising from any act, omission, or occurrence arising through the date the settlement agreement is signed on account of any loss or damages arising out of or relating to Defendants' alleged failure to pay wages or overtime that have been raised or which could have been raised by, or which arise from or relate to the facts, transactions, or occurrences described in or encompassed by the Litigation.

9.    The Court finds that the distribution of the notice of settlement by first class mail fully and accurately informed all Plaintiffs of all material elements of the settlement agreement, constituted the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice, complying with the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

10.    The Court finds that, after proper notice to all Plaintiffs and sufficient opportunity to object to the settlement agreement, no objections were made.

11.    The Court finds that the settlement agreement is fair, adequate, reasonable, and in the best interests of all Plaintiffs. The settlement agreement offers to most of the Plaintiffs a reasonable sum of overtime compensation and an additional reasonable amount of liquidated damages. Only those Plaintiffs whom Plaintiffs' attorneys acknowledge as having no viable claim receive nothing under the settlement agreement. Moreover, the outcome of the litigation of this matter is highly uncertain. The Defendants' liability as a single employer for overtime worked by Plaintiffs for multiple Defendants within the same week is disputed as is

Plaintiffs' entitlement to liquidated damages and the applicable statute of limitations. The attorneys for Plaintiffs have had the opportunity to examine Plaintiffs' payroll records. There has been no collusion in reaching a settlement. The Court therefore grants the joint motion for final approval of settlement agreement.

12.   Plaintiffs are sufficiently similarly situated to allow this case to be certified as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* for the purpose of settlement. This case is certified as a collective action for the purpose of the settlement.

13.   The settlement agreement is entered as an order of the Court and the parties are ordered to comply with, and to make performance as required under, the terms of the settlement agreement. The terms of the settlement agreement are expressly incorporated into this order.

14.   The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and orders the entry of a final judgment in this case which shall incorporate the settlement agreement.

15.   Only Plaintiffs who have timely objected to judicial approval of the settlement agreement in the manner set forth in the settlement agreement and this Court's order of June 20, 2017 shall have any right to appeal this Court's final approval of the settlement agreement. The Court notes that there were no objections to the judicial approval of the settlement agreement.

16.   The Defendants have waived all rights to file any motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure other than under Rule 60(a), all rights to collaterally attack the judgment, and all rights to file an appeal from the judgment.

17.   This matter is dismissed without prejudice, with leave to reinstate upon motion of any party, solely for purposes of enforcing the parties' settlement agreement, for a period of ninety days from the latter of either: (a) the date of the entry of the final judgment incorporating the settlement agreement if no motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure has been filed; or (b) if a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure or a notice of appeal challenging the settlement agreement is filed, the date after all appellate proceedings pertaining to the settlement agreement are concluded and the settlement has been determined to be valid and binding. After the conclusion of ninety days, if no party has moved to reinstate the case, the dismissal shall be with prejudice.

ENTERED: _____         _____
                                      UNITED STATES MAGISTRATE JUDGE