**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>   v.<br><br>Jam Productions, Ltd., Event Productions, Inc., Standing Room Only Inc., and Victoria Operating Company, LLC,<br><br>                    Defendants. | Case No. 16-cv-8616<br>Magistrate Judge Cox |

**ORDER AUTHORIZING NOTICE OF RIGHT**
**TO JOIN LAWSUIT AND GRANTING PRELIMINARY APPROVAL OF**
**SETTLEMENT AGREEMENT AND RELEASE**

THIS MATTER COMING BEFORE THE COURT on the parties' joint motion for final approval of settlement agreement and the Court being fully advised in the premises,

THE COURT HEREBY FINDS AND ORDERS:

1. On September 1, 2016, Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw ("Named Plaintiffs") filed a complaint in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 16-cv-8616 (the "Litigation"), alleging a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and class action under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL") alleging that Defendants were a joint employer and that Defendants had failed to pay all overtime due to stagehands whom they jointly employed.

2. Effective November 9, 2016, and as extended on February 14 and March 28, 2017, the statute of limitations was tolled by agreement of the parties until May 1, 2017.

3. The attorneys for Named Plaintiffs have had the have had the opportunity to examine Defendants' records related to the payment of overtime during the period November 9, 2013, through November 9, 2016, and the parties have identified additional of Defendants' employees who have worked as stagehands who may have claims with respect to this Litigation ("Eligible Plaintiffs").

4. On or about May 19, 2017, the Named Plaintiffs and Defendants reached a settlement agreement. After submitting that agreement to this Court for approval, and pursuant to the Court's order dated May 31, 2017, the parties have entered into a new settlement agreement, dated June 12, 2017, modifying certain terms of their original agreement. *See* Exhibit 1.

5. Parties to an FLSA lawsuit may settle disputed claims by means of a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

6. Under the Final Settlement Agreement and Release ("settlement ageement"), the Defendants agree to pay up to $24,400.00 in the aggregate as allocated in the settlement agreement to the Named Plaintiffs and to those Eligible Plaintiffs who timely submit an executed Consent to Join Suit as a Party Plaintiff (together, "Plaintiffs"). Under the settlement agreement, the Defendants also agree to pay the attorneys for Named Plaintiffs $12,000.00 in fees and costs. The Defendants also agree to bear their own attorneys' fees and costs and shall not seek attorneys' fees and costs from any Plaintiff or from attorneys for Named Plaintiffs.

7. Under the settlement agreement, Plaintiffs release the Defendants from all claims arising from any act, omission, or occurrence arising through the date the settlement

agreement is signed on account of any loss or damages arising out of or relating to Defendants' alleged failure to pay wages or overtime that have been raised or which could have been raised by, or which arise from or relate to the facts, transactions, or occurrences described in or encompassed by the Litigation.

8. The joint motion for preliminary approval of settlement agreement is granted, and the Court preliminarily finds, subject to any objections and further hearing, that the settlement agreement attached to the joint motion as Exhibit 1 is fair, adequate, reasonable, and in the best interest of Plaintiffs.

9. The form of notice of settlement by first class mail attached to the joint motion as Exhibit D is hereby approved. Within five business days after the date of the order preliminarily approving the Agreement and the authorization of notice, Defendants shall provide attorneys for Named Plaintiffs with the last known addresses of the Eligible Plaintiffs and, within five business days thereafter, attorneys for Named Plaintiffs shall mail or cause to be mailed at Plaintiffs' expense the aforesaid form of notice of settlement, with all blanks appropriately filled in and a prepaid return envelope enclosed, by first-class mail, postage prepaid, to all Eligible Plaintiffs at their last known addresses on file with Defendants. If Named Plaintiffs believe they have more recent information as to the mailing address of any Eligible Plaintiff, they shall disclose that information to Defendants and, with Defendants' consent, may send notice of settlement to each such Eligible Plaintiff at that address instead of the address supplied by Defendants.

10. The Court finds that the mailing of the notice required herein is valid, due, and sufficient notice to Plaintiffs of these proceedings and of the settlement agreement, and such notice constitutes the best notice practicable under the circumstances and complies fully

with the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

11. Plaintiffs may object to judicial approval of the settlement agreement. In order to object to judicial approval of the settlement agreement, a Plaintiff shall fill out, sign, and return the form of Consent to Join Suit as Party Plaintiff and Objection to Settlement Agreement attached as Exhibit 1-F to the parties' joint motion. Such written objection shall be filed with the Court on or before August 31, 2017; in the event that the written objection is filed with the Court by mail, the written objection must be received by the Court in time to be filed on or before August 31, 2017. A copy of the written objection must be mailed to David Huffman-Gottschling, postage prepaid and postmarked by August 31, 2017. Plaintiffs who do not timely object to judicial approval of the settlement agreement in this manner shall be deemed to have waived their objections.

ENTERED: 7/11/2017

UNITED STATES MAGISTRATE JUDGE,
SUSAN E. COX