# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Jam Productions, Ltd., Event Productions, Inc., Standing Room Only Inc., and Victoria Operating Company, LLC,<br><br>Defendants. | Case No. 16-cv-8616<br>Magistrate Judge Cox |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT

THIS MATTER COMING BEFORE THE COURT on the parties' joint motion for final approval of settlement agreement and the Court being fully advised in the premises and having heard all properly filed objections to the settlement agreement,

THE COURT HEREBY FINDS AND ORDERS:

1. On September 1, 2016, Justin Huffman, Gregor Kramer, Archie Yumping, and Christopher Shaw ("Named Plaintiffs") filed a complaint in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 16-cv-8616 (the "Litigation"), alleging a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and class action under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") alleging that Defendants were a joint employer and that Defendants had failed to pay all overtime due to stagehands whom they jointly employed.

2. Effective November 9, 2016, and as extended on February 14 and March 28, 2017, the statute of limitations was tolled by agreement of the parties until May 1, 2017.

3. The attorneys for Named Plaintiffs have had the have had the opportunity to examine Defendants' records related to the payment of overtime during the period November 9, 2013, through November 9, 2016, and the parties have identified additional of Defendants' employees who have worked as stagehands who may have claims with respect to this Litigation ("Eligible Plaintiffs").

4. On or about May 19, 2017, the Named Plaintiffs and Defendants reached a settlement agreement. After submitting that agreement to this Court for approval, and pursuant to the Court's order dated May 31, 2017, the parties have entered into a new settlement agreement, dated June 12, 2017, modifying certain terms of their original agreement. *See* Exhibit 1.

5. Parties to an FLSA lawsuit may settle disputed claims by means of a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

6. On June 12, 2017, the parties submitted their settlement agreement, which is incorporated by reference, to the Court and moved for an order preliminarily approving it. On July 11, 2017, the Court entered an order which, among other things, approved the settlement agreement preliminarily, established a date for a hearing on the fairness of the settlement agreement, and ordered that notice of the settlement agreement and of the fairness hearing be given to Plaintiffs by first-class mail.

7. Under the settlement agreement, the Defendants agree to pay up to $24,400.00 in the aggregate as allocated in the settlement agreement to the Named Plaintiffs and to those Eligible Plaintiffs who timely submit an executed Consent to Join Suit as a Party Plaintiff (together, "Plaintiffs"). Under the settlement agreement, the Defendants also agree to pay

the attorneys for Named Plaintiffs $12,000.00 in fees and costs. The Defendants also agree to bear their own attorneys' fees and costs and shall not seek attorneys' fees and costs from any Plaintiff or from attorneys for Named Plaintiffs.

8. Under the settlement agreement, Plaintiffs release the Defendants from all claims arising from any act, omission, or occurrence arising through the date the settlement agreement is signed on account of any loss or damages arising out of or relating to Defendants' alleged failure to pay wages or overtime that have been raised or which could have been raised by, or which arise from or relate to the facts, transactions, or occurrences described in or encompassed by the Litigation.

9. The Court finds that the distribution of the notice of settlement by first class mail fully and accurately informed all Plaintiffs of all material elements of the settlement agreement, constituted the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice, complying with the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

10. The Court finds that, after proper notice to all Plaintiffs and sufficient opportunity to object to the settlement agreement, no objections were made.

11. The Court finds that the settlement agreement is fair, adequate, reasonable, and in the best interests of all Plaintiffs. The settlement agreement offers to most of the Plaintiffs a reasonable sum of overtime compensation and an additional reasonable amount of liquidated damages. Only those Plaintiffs whom Plaintiffs' attorneys acknowledge as having no viable claim receive nothing under the settlement agreement. Moreover, the outcome of the litigation of this matter is highly uncertain. The Defendants' liability as a single employer for overtime worked by Plaintiffs for multiple Defendants within the same week is

disputed as is Plaintiffs' entitlement to liquidated damages and the applicable statute of limitations. The attorneys for Plaintiffs have had the opportunity to examine Plaintiffs' payroll records. There has been no collusion in reaching a settlement. The Court therefore grants the joint motion for final approval of settlement agreement.

12. Plaintiffs are sufficiently similarly situated to allow this case to be certified as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* for the purpose of settlement. This case is certified as a collective action for the purpose of the settlement.

13. The settlement agreement is entered as an order of the Court and the parties are ordered to comply with, and to make performance as required under, the terms of the settlement agreement. The terms of the settlement agreement are expressly incorporated into this order.

14. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and orders the entry of a final judgment in this case which shall incorporate the settlement agreement.

15. Only Plaintiffs who have timely objected to judicial approval of the settlement agreement in the manner set forth in the settlement agreement and this Court's order of July 11, 2017, shall have any right to appeal this Court's final approval of the settlement agreement. The Court notes that there were no objections to the judicial approval of the settlement agreement.

16. The Defendants have waived all rights to file any motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure other than under Rule 60(a), all rights to collaterally attack the judgment, and all rights to file an appeal from the judgment.

17.  This matter is dismissed without prejudice, with leave to reinstate upon motion of any party, solely for purposes of enforcing the parties' settlement agreement, for a period of ninety days from the latter of either: (a) the date of the entry of the final judgment incorporating the settlement agreement if no motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure has been filed; or (b) if a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure or a notice of appeal challenging the settlement agreement is filed, the date after all appellate proceedings pertaining to the settlement agreement are concluded and the settlement has been determined to be valid and binding. After the conclusion of ninety days, if no party has moved to reinstate the case, the dismissal shall be with prejudice.

ENTERED:  9/21/2017

_____
UNITED STATES MAGISTRATE JUDGE